### 23562. KING *v.* J. AUSTIN DILLON COMPANY.

BROYLES, C. J. 1. None of the various exceptions to the charge of the court, alleging errors of commission and omission, when considered in the light of the remainder of the charge and the facts of the case, discloses reversible error.

2. A ground of the motion for a new trial complains of the admission of certain testimony in respect to the custom of ambulances in Atlanta, when on emergency calls, crossing intersecting streets against red lights. It is recited in the ground that "movant objected to this testimony on the grounds that the law of the State and city could not be invalidated or done away with by showing a custom, and that the evidence was irrelevant and immaterial." It is apparent that the ground is not complete and understandable within itself. What has the custom of ambulances crossing streets against red lights to do with this case? What

522

"law of the State and city" would be invalidated and done away with by showing such a custom? The ground does not contain the answers to these questions. Furthermore, the ground fails to show harmful error in that it does not even allege that the testimony objected to was prejudicial to the movant's case.

3. Another ground of the motion for a new trial complains of the rejection of certain evidence, but it is not alleged in the ground that the evidence was admissible, or that its exclusion was harmful to the movant. The ground therefore fails to show reversible error.

4. On conflicting evidence the jury returned a verdict in favor of the defendant. The verdict was authorized by the evidence; and, the finding of the jury having been approved by the trial judge, and no error of law appearing, the judgment must be

*Affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 19, 1934.

*J. V. Poole,* for plaintiff.
*McDaniel, Neely & Marshall, Thomas M. Stubbs,* for defendant.